The final case in our call this morning is agenda number four, case number 108-403. In re Luis R. A minor. One moment, counsel. No, you're doing fine. They're just moving behind you. You may now proceed. Good morning, your honors. Counsel, may it please the court, I am Assistant Attorney General Stephen Soltanzade on behalf of the people. In this case, the trial court dismissed the proceedings against respondent for lack of jurisdiction after it decided that the Juvenile Court Act does not apply to respondent because respondent was over the age of 21 when the proceedings were initiated against him. This was error. The Constitution confers jurisdiction upon the circuit courts over all justiciable matters. In here, there was a justiciable criminal matter because the people requested to criminally prosecute respondent and respondent's criminal prosecution was permissible under the Juvenile Court Act. Although the appellate court recognized that respondent's criminal prosecution was permissible under the Juvenile Court Act, it did not make that conclusion part of its holding and instead affirmed the trial court's dismissal for lack of jurisdiction. Because respondent's criminal prosecution was permissible, the circuit court had jurisdiction in this case and the judgment of the appellate court should be reversed. Initially, the circuit court has jurisdiction over all justiciable matters and that jurisdiction is conferred by Article VI, Section 9 of the Constitution. And the Constitution confers jurisdiction over the entire circuit court, not individual divisions. As this court has said, whether a case should be in an individual division of the circuit court is a matter of procedure, not jurisdiction. So the fact that this case started in the juvenile court but the people later requested to move it to the criminal division of the court did not divest the circuit court of jurisdiction. If we agree with your jurisdictional argument, is there any reason why we shouldn't just remand on the other issues? Well, I suppose some of that would depend on how this court agreed with the jurisdictional argument. But in other words, we believe it's necessary for this court to decide whether respondent's criminal prosecution was permissible under the Juvenile Court Act. And we think that's intertwined with the jurisdictional question. Because if respondent's criminal prosecution is prohibited, as respondent suggests, and it's true that his juvenile adjudication was prohibited under the Juvenile Court Act, then there truly would be no justiciable matter before the court and there would not be jurisdiction. So remand to the circuit court would be a proper disposition. For instance, one of the reasons I ask the question is that you're asking us to decide whether the respondent may be prosecuted as an adult under the criminal code, right? That's correct. That's one of the things you're asking us to do. For offenses he committed as a minor. Correct. And I guess I'm having some problem with, in this case, how that wouldn't be an advisory opinion, plain and simple. You haven't filed any criminal charges against respondent, right? That's correct. And so the request is really a ruling from this court explicitly for advice on how to proceed, and we just don't do that. Well, there are a couple answers to that question. First, we don't believe it would be advisory. Again, we think certainly the trial court dismissed for lack of jurisdiction after determining that juvenile adjudication was not proper, and it construed Section 5-120 of the Juvenile Court Act in making that determination. We think to properly read 5-120, which determines when juvenile proceedings can be instituted against a juvenile, but also when criminal proceedings against a juvenile are prohibited, you really have to construe the entire statute. And so this goes directly to the trial court's decision in this case and how the trial court construed the first sentence of Section 5-120. The reason you have to construe the entire statute, including the portion of the statute that determines when criminal prosecution is prohibited, is because if this court were to read the first sentence of 5-120, which says that any minor who commits crimes when under the age of 17 may be adjudicated under the Juvenile Court Act to prohibit respondents' juvenile adjudication because he's over the age of 21, then we have to look at the second sentence to make sure there is some adjudication of these crimes. Because if the second sentence means that his criminal prosecution is prohibited, then we would have both an absurd result and one that is contrary to legislative intent. I'm not saying the argument on the merits is correct or incorrect. I'm just saying when we have before us a question where courts have felt there isn't jurisdiction to entertain the question. Right. And isn't that really the only issue before us? Well, yes, that is the issue before us. But again, to get back to how I initially tried to answer the question, that question, we believe, is intertwined with the question of whether a respondent can be prosecuted criminally, because if there is a prohibition on criminal prosecution of individuals who are over the age of 21 but whose offenses were allegedly committed while that respondent was under the age of 17, then there would be no jurisdiction in this case because there simply would be no justiciable matter. Assuming that this court consumes the Juvenile Court Act the way the trial court and the appellate court did, which is to say that that same individual, an individual who is over the age of 21, cannot be adjudicated under the Juvenile Court Act. I see what you're arguing. You're arguing that in the context of there being a justiciable matter, that being the justiciable matter which would give the court jurisdiction. Exactly. We need to know if there really can be a criminal matter, a justiciable criminal matter, and so we need to know if 5-120 prohibits his criminal prosecution. Counsel, why did it take seven years for the state to initiate this? Well, there's nothing in the record that directly answers that question. At page five of the report of proceedings, the prosecutor suggests that the crime was reported earlier by the victim, but it did not, for an unexplained reason, reach the prosecutor's office until just before they filed the petition. Counsel, the factors that a circuit judge relies upon in deciding whether to transfer regarding minors, I think it's covered in Section 5-805.3, discretionary transfer. And the factors that are listed are age of the minor, the history of the minor, the circumstances of the offense, as well as the advantage of treatment within the juvenile system and a reasonable likelihood that the minor can be rehabilitated. Which of these factors would seem to indicate that this case should be tried? Well, the initial answer to the question is that the trial court here concluded that the act did not apply at all to respondent, and that appears to be a fair reading of the plain language of the Juvenile Court Act. So the transfer requested by the people would not be one necessarily under that provision of the act, but would be under the court's administrative powers. Now, the second answer would be if this court determines that transfers should be adjudicated under the provision Your Honor just cited, then remand to the trial court for consideration of those factors would probably be the appropriate disposition of the case. Aren't the factors clear on their face that it would not apply in this? Well, I believe the factors are clear, but I don't know that there's any evidence that the transfer motion was never adjudicated, so we simply don't have anything in the record that tells us. Is the age disputed? No, I don't think there's a dispute. He's over 21. The respondent's age is not disputed, that's correct. To move on, assuming that this court does engage the question of whether or not the Juvenile Court Act permits response to criminal prosecution, permitting this criminal prosecution is not only consistent with the plain language of 5-120 of the act, it's also consistent with the General Assembly's policies and purposes underlying the act. The General Assembly gave us four policies and purposes underlying that act, which are to protect citizens from juvenile crime, to hold juveniles accountable for those crimes, to rehabilitate juveniles and to allow them to mature into productive members of society and to provide due process to those individuals. These policies and purposes make clear that in enacting the Juvenile Court Act, the General Assembly did not determine that minors are less culpable for their crimes, and this is a conclusion the appellate court came to as well. It determined that when minors come to the judicial system, they require a different corrective process than adults. Respondent being over 21, the determination that a different corrective process is required for minors no longer applies to him. There's no reason to treat him the way the Juvenile Court Act treats juvenile delinquents, and there's every reason to treat him as an adult offender, according to these General Assembly, this General Assembly statement of purposes. Additionally, the General Assembly has given us an age of culpability for minors. That age is 13. They did that in 720 ILCS 5-66-1. They say that no person shall be convicted of an offense unless he's attained his 13th birthday. So read together, these provisions show us that minors are not treated differently by the act because they're less culpable, but because they require a different corrective process, and therefore, those purposes no longer apply to this respondent. Additionally, prohibiting respondents' criminal prosecution would be inconsistent with the statute of limitations in this case. Respondent allegedly committed these offenses when he was 14, and therefore, under his construction of 5-120, there would be a seven-year statute of limitations for these offenses. If he's not adjudicated a juvenile or prosecuted within seven years, he cannot be adjudicated a delinquent or criminally prosecuted. But the statute of limitations for these crimes, which were aggravated criminal, two counts of aggravated criminal sexual assault of a child who's between the ages of 9 and 13, is 20 years from the time the victim turns 18. So that means the state had between 25 and 29 years, depending on the victim's age. We don't know the victim's age precisely in this case. But the state had between 25 and 29 years to prosecute these crimes. Under respondent's construction, that would be reduced to seven years. It would also have, respondent's construction would also have the perverse result of lowering the limitations period the older the offender. So in this case, again, respondent is accused of committing these offenses when he was 14. Had he been 16, he would have had, under respondent's construction of the statute, there would have been a five-year limitations period. And if he was 15, there would be a six-year limitations period. And if he was 14 at the time of the offense, a seven-year limitations period. It simply cannot be the case that the General Assembly intended to create a longer limitations period for younger offenders and a shorter one for older offenders. One final point, again, I touched on this, but if this Court determines that respondent's criminal prosecution is not permitted, then it must determine that his juvenile adjudication is permissible. Otherwise, we would have an absurd result and one that is contrary to legislative intent. I've already discussed legislative intent, which ‑‑ Is it our issue here to decide, isn't the issue here to decide whether prosecution under the Juvenile Court Act is proper for a minor who has attained majority in the crimes committed when he was a juvenile? Well, we believe that's the central issue. Isn't that the narrow question? Well, yes, that is the central issue. But the trial court in this case determined there was no jurisdiction explicitly because it determined that the Juvenile Court Act does not apply to respondents. So our position is if this Court determines that there was ‑‑ that act prohibits criminal prosecution, then it must find error on the ground that the trial court misconstrued the statute. Because if respondents' criminal prosecution ‑‑ to be clear, it misconstrued the statute because the trial court found juvenile adjudication inappropriate. Now, we agree the plain reading of the statute is that his juvenile adjudication is inappropriate. But if his criminal prosecution is also inappropriate, then I think we have to go back to the question squarely before the trial court, which was, was his juvenile adjudication appropriate? And we have to say that determining his juvenile adjudication to be inappropriate if his criminal adjudication is also inappropriate is absurd and contrary to legislative intent because it would give the state no avenue to hold this offender accountable for his crimes. It would be contrary to their stated purpose of protecting citizens from juvenile crime. And, again, it would be inconsistent with the statute limitations. If there are no further questions, we ask this Court to reverse the judgment of the appellate court. Thank you. May it please the Court. Counsel. My name is Michael. Pardon me. My name is Michael Rerut and I'm a solo practitioner in Rockford and I represent the appellee, Luis. The Court is well aware that this is not a post-conviction proceeding. My client's presumption of innocence remains. The Court is also well aware that this case is squarely an issue of whether a 21-year-old or older person can be prosecuted as a juvenile. And I think the clear answer is no. The Court has repeatedly held, and I've cited in my brief, Jamie P., a case where the Court specifically said, jurisdiction is defined by the legislature in this instance. When you turn 21, you're no longer a juvenile. The petition filed alleges that Luis is a minor. It states his date of birth and he's 21-and-a-half years old. He is not a minor. Mr. Rerut. Sir. Last year in Ray M.W., this Court explained that subject matter jurisdiction is invoked by the filing of a petition or complaint alleging the existence of a justiciable matter. That was at page, if I can read this, 426. In this case, the State filed with the Circuit Court a delinquency petition alleging that your client is a delinquent minor. Yes. Even if that petition has zero basis in law or fact, is that not the filing of a pleading alleging the existence of a justiciable matter? Well, if you read further in that opinion... Because I think, before you even answer, I think we have two things going on here. We have findings by courts that the court didn't have jurisdiction to entertain the argument. Then there's the merits, which is intertwined as well. So how can a court not have subject matter jurisdiction? Isn't that a justiciable matter? Well, actually, in the opinion, it cites, or it says, rather, the Circuit Court's authority was limited by the legislature's definition of the justiciable matter it created in the Juvenile Court Act. Well, let me put it this way. I think that answers the question. Well, let me ask it this way, then. Assume, in this case, the State responded to your motion to dismiss by asserting that your client was, in fact, only 20 years old. I know that's not the facts of this case. But the response to the motion to dismiss is that the client was, in fact, only 20 years old and that they had evidence to that effect. Would the trial court have jurisdiction to adjudicate that question, in your opinion? There's a question of fact as to whether he's 20 or 21. I hesitate to answer because I know there's a case from, I believe, 1989 or 79, People v. Taylor, that did address that issue, where the individual had lied about their age, claiming they were 18, in order to avoid juvenile prosecution. I'm focusing just on jurisdiction. It went the other way. Is there a justiciable issue if there's a question of fact as to whether he's 20 or 21? How can there not be? But does it extend to then going on to say, okay, you are 21, and we're going to follow up on that? That's perfect, because that's the next question. If the court concluded that your client was over 21, would it then not have had jurisdiction? I mean, it can't have jurisdiction and then not have jurisdiction. That's the point. Can these courts be right in saying, just because it's entitled, by the way, exclusive jurisdiction, that there is no jurisdiction when there's a justiciable matter? I think the answer to that is peculiar to the juvenile court, because I think in defining subject matter jurisdiction in the juvenile court, age is a necessary element. I think it has to be, because that, after all, is what we call a juvenile court. So I think that to answer your question affirmatively, yes. The court would be able to inquire, is this a person that fits the definition of the act? But if they're not, then the court lacks the jurisdiction to proceed. That's part of the subject matter jurisdiction of the court. So it had subject matter jurisdiction, but then it lost subject matter jurisdiction. I mean, what's the difference between an affirmative defense being filed in a case in which there's a statute of limitations defense? And they say, yeah, there's no right to be here. The statute is run. And then you argue the statute of limitations, and it goes one way or the other. The court had jurisdiction. It had jurisdiction, but it doesn't lose jurisdiction if there is a statute of limitation that's been blown. It can't either decide to proceed or not proceed based on what facts are asserted at a later time. Well, I find it difficult to square with the language that I quoted earlier that says that the legislature has defined a justiciable matter for the juvenile court. But, counsel, that just doesn't seem logical, that the legislature would permit all juveniles who commit actions as juveniles and not be prosecuted until they're 21 or above to escape justice for what they've done. I mean, what if they committed a murder? Isn't it because the Juvenile Court Act was purpose, one of the purposes is to rehabilitate the juveniles in a different way as an adult, and that the sentencing process was different on the Juvenile Court Act than it is on the criminal court? Yes. And I would point out that this is a case of first impression. The original Juvenile Court Act dates to 1898. The most recent version dates to 1965. So the idea that there's this huge class of unprosecuted juveniles who got away with something out there, I think is a red herring. I don't think that that's the case if this is a case of first impression. No, but if we should decide the case the way you'd like us to, then possibly there would be, as a lot of people out there purposely, you know, diverting themselves from the opportunity to be prosecuted. Well, frankly, Your Honor, I think that begs the question, whether this is something that should be solved by the judicial branch or something that the legislature needs to pay attention to. I don't believe that the legislative intent is manifest, as opposing counsel does, that the legislature just assumed that these cases should be covered by the act. I don't believe that there's anything that's been cited to the court in terms of legislative history that would suggest that they even considered this possibility. And the fact that it's a case of first impression reinforces, in my mind, the notion that it never really was considered. I think it's one of those situations that kind of flew under the radar and now we have a case before the court that has not been anticipated. What is your answer to the question, if we affirm the dismissal of this case based on the plain language of the Juvenile Court Act, does this have any effect on the state's ability to file criminal charges? Does the act of affirmance do that? No, I don't believe it does. So the dismissal is without prejudice? Well, that also begs the question of whether the exclusivity provision that was discussed earlier would be applicable in this case. I think that it would be. I think the clear legislative intent is that if you're under the age of 17, you're treated as a juvenile for purposes of prosecution. If the age limit of 21 actually acts as a statute of limitations, then we have the question that was not addressed in the briefs because it didn't apparently come to anyone's mind. What is the effect of the different statute of limitations in the sex offenses with this apparent statute of limitations provision in the Juvenile Court Act? Again, I would recite to the court, the reason you haven't been cited any legislative history on that point is because there isn't any. It doesn't appear that anybody considered this possibility. And I think the point of the Juvenile Court Act always has been, again, as I said in the brief, back to the 1898 Family Court Act, that children should be treated differently. That if you are committing an offense at the age of 13, again, culpability may not be at issue, but certainly your mental development, your understanding is different than it is when you're an adult. And that those children who commit offenses should be treated differently. They shouldn't have a criminal record. They should be allowed probation for an offense that otherwise would be a Class X felony. By waiting to prosecute an individual now, if we adopt the logic that's being proposed to the court, we can find a lot of people prosecuted as adults for offenses that they committed when they were 13 that they could have had probation for. Do we know if this respondent had delinquency adjudications or a criminal record? I know that, but you do not know that from the record. And I don't know how to answer that question. Does what the court did here square with Belleville-Toyota, what we said in Belleville-Toyota about jurisdiction? The language I quoted from In Re M H is based on the Belleville-Toyota decision. Justice Garmon wrote that opinion and specifically said that, again, age 21 is the justiciable matter limit created by the legislature, and it must be found. Well, in Belleville-Toyota, we held that the four-year statute of limitations contained in the statute that created the justiciable matter at issue did not create a prerequisite to the circuit court's exercise of subject matter jurisdiction. Yes. Right? It was instead an ordinary affirmative defense the defendant might plead as a barred liability. Well, I think that goes back to your earlier question, Your Honor, about whether his age is an affirmative defense or whether it's part and parcel of the subject matter jurisdiction that is part of the justiciable matter. In this instance, again, I think the juvenile court is unusual because I think age is a part of the definition of the justiciable matter. And the People v. Taylor case that I made allusion to earlier specifically said that that was not an affirmative defense. In that instance, a 16-year-old was raising that same question. I guess what I'm trying to sort out here is that why this isn't just as in Belleville-Toyota, the circuit court in this case had the subject matter to hear and determine the validity of the State's petition because it was, quote, among, according to Belleville-Toyota, among the general class of cases, those presenting a claim under the Juvenile Court Act in this case, a justiciable matter to which the Court's constitutionally granted original jurisdiction extends. Your Honor, I know you can't say any more than you've said. I thought the Court answered that with its decision in Jamie P. and its decision in Ray M. H. I thought this Court was very clear in saying that age 21 is age 21 and that's the limit for juvenile court matters. And when you ask me that question and I cite you the case that this Court decided and relied on Toyota in the juvenile court context, I don't know a better way to answer it. I apologize, but I don't know if I've exceeded my time at this point, but I think to go back to the exclusive jurisdiction matter for just a moment, I would again point out that I think that the language of that statute is equally clear that the legislature anticipated that anyone who was involved in committing an offense before the age of 17 would be prosecuted under the Juvenile Court Act. And it is called exclusive jurisdiction, and I think that is a very obvious definition of what the legislature intended. Exclusive jurisdiction. I don't believe that this particular fact pattern was anticipated. I think it should be addressed, but it should be addressed by the legislature because they have left this option, this unanswered question in the statutory scheme that is proposed. And it's not this Court's position to balance those competing interests and say, well, we think this one or we think that one. That really is primarily a legislative decision. It's an important one, but I think that the way the statute is written, it's very clear that what happens before age 17 is to be treated as a juvenile offense, subject again to those limitations, the transfer provisions that you're all familiar with and have been briefed, none of which apply in this instance, I would point out. But, again, the statute says before 17 you're prosecuted as a juvenile. That has been the law in Illinois. It's something that every juvenile court practitioner in the state knows, except maybe the world is flat, and I have to acknowledge that before you, but maybe the world is round and we just need to figure out this part of the statute needs to be fixed. I respectfully submit it's not this Court's position to do that. This is something the legislature needs to fix. Had they enacted the statute that Connecticut has, that simply says your age at the time of committing the offense determines how you're treated procedurally, this would be a much easier question to answer. But they didn't. And that is a matter properly for the legislature. So I respectfully request that the case be affirmed, that my client not be allowed to be prosecuted as a juvenile. I think that's the issue before the Court. I would also suggest that he cannot be prosecuted as an adult because of the exclusivity provision of the Juvenile Court Act, and I thank you for your time. Just a couple quick points in rebuttal. The statute, in this case Section 5-120 of the Act, cannot create jurisdiction or take jurisdiction away from the circuit court. It can create a justiciable matter, and here it has created justiciable juvenile matters, but it cannot, where there is a justiciable matter, it cannot say there is no jurisdiction in the circuit court, and I believe that's Respondent's position. Respondent argues there's a gray area created by this statute where we don't know what to do with these respondents who, or these individuals who commit offenses while under a certain age but are now over the age of 21, but there really is no gray area. If the General Assembly wanted to create some limit on the criminal prosecution of individuals who are over the age of 21 but who are alleged to have committed crimes while under the age of 17, they could have done that. They did not do that. There's simply no limit on the criminal prosecution of these individuals. The General Assembly specifically used the term minor and defined that term in the Juvenile Court Act and used it consistently throughout Section 5-120, and we should read that term, minor, consistently, to mean that the limitation on criminal prosecution applies only to minors, only to individuals under the age of 21. The General Assembly decided not to limit or restrict criminal prosecution of those individuals who come to the court after they've turned 21, and therefore there is no gray area. To return to the Court's question about whether this would be an advisory opinion, a couple answers that I meant to get to and did not. The first is just to note that there was a transfer motion filed by the people in this case that was pending before the Court at the time of dismissal. That motion was never adjudicated, and I think this Court's opinion about whether a respondent could be criminally prosecuted is also directly relevant to the adjudication of that transfer motion, which again was pending. And second, as briefed in our brief, this Court could also decide this issue under the public interest exception against the general prohibition against rendering advisory opinions. And I think this is a wonderful example of a case that fits within that exception because there are prosecutors throughout the state who don't know exactly what to do with these cases because the appellate court opinion, which was published, has created some uncertainty about what to do when an individual is accused of crimes and alleged to have committed those crimes under the age of 17 and is now over 21. The appellate court opinion suggests that those individuals like this respondent can be criminally prosecuted but didn't make that part of its holding, and so we have some uncertainty because of that. We have a published opinion with this dicta that seems to be correct but has not been made part of its holding. If I could just have a moment to go over my notes. Counselor, you argued just a moment ago that we should look at 5-120. It uses the term minor, so you're saying because this defendant is 21, he's no longer a minor, that limitation does not apply. Is there any authority for doing that? No, we don't have a case saying that that's how we should read that provision. Is there any legislative history, anything that would indicate that? No, I don't think. My research did not locate any legislative history indicating. But, again, we believe it's the plainest reading of the statute, and it's consistent with the trial court's reading of the first sentence of the statute in that case, the first sentence of 5-120, which says that any minor, which the trial court read to mean any individual under the age of 21 who commits crimes while under 17 may be subject to the act. So it would be entirely consistent with the trial court's reading of the first sentence of 5-120 to read the prohibition against criminal prosecution to apply only to minors, that is, people under the age of 21. If this court has no further questions, again, we ask this court to reverse the judgment of the appellate court. Thank you. Thank you, counsel. Case number 108-403, In re Luis R, will be taken under advisement.